MARTHA BRAY, Appellant, v. GEORGE C. CAMPBELL
AND I. H. JULIAN, Administrator of Estate
of NATHAN BRAY, Respondents.

Kansas City Court of Appeals, January 9, 1888.

MORTGAGE—FORECLOSURE OF—PURCHASER WITH NOTICE—CASE ADJUDGED.—A purchaser with notice may protect himself by purchasing the title of a *bona-fide* purchaser without notice. The reason of the rule is to prevent a stagnation of property and because the first purchaser, being entitled to hold and enjoy, must be equally entitled to sell; as was the case here.

APPEAL from Jasper Circuit Court, HON. M. G. McGREGOR, Judge.

*Affirmed.*

The case is stated in the opinion.

JOSEPH CRAVENS, for the appellant.

I. The record shows that Nathan Bray, on the twentieth of September, 1873, sold the land known as

"Hunter Farm," in Jasper county, to J. R. and George C. Campbell for twenty thousand dollars, of which twenty-five hundred dollars were paid at the time, in real estate, and the purchasers gave their notes for $17,500, being the balance, and a mortgage on the land to secure the notes. In September, 1875, these notes and the mortgage were taken up, and in lieu thereof other notes and a deed of trust were given, and also a note for seventeen hundred and fifty dollars accrued interest, which was not put into the trust deed, but was afterward sold to Holland by Bray. On May 11, 1876, Morton loaned Bray four thousand dollars, and the notes secured by the trust deed were delivered to Morton as collateral security. At the time plaintiff's mortgage was not recorded and Morton had no notice of it. Afterward Bray's indebtedness to Morton was merged into judgments, and on the twenty-eighth day of March, 1879, they were allowed and classed as demands against Bray's estate. Morton, on the twenty-third day of September, 1879, assigned this indebtedness to Holland "without recourse" and delivered to him the Campbell notes. At this time plaintiff's mortgage was on record and Holland had notice of it. At the trustee's sale Holland bought and by quit-claim deed conveyed the land back to defendant, Campbell, for twelve thousand dollars. Now it is claimed, and the circuit court so held, that as Morton held the Campbell notes as security, without notice of plaintiff's mortgage, Campbell's title from Holland was purified by the notes having been in the hands of Morton, and it came to defendant, George Campbell, without spot or blemish when it was sold by the trustee on account of his failure to pay his notes, which were secured by his trust deed.

II. An innocent purchaser is one who buys and pays for property, and when that is the defence it must be so alleged and proved. *Hulsa v. Hulsa*, 8 Mo. 303; *Paul v. Fulton*, 25 Mo. 156; *Aubuchon v. Bender*, 44 Mo. 560; *Wallace v. Wilson*, 30 Mo. 335; *Bishop v.*

*Schneider,* 46 Mo. 472 ; *Rice v. Bunce, Adm'r,* 49 Mo. 231.

III.   Morton, by taking the Campbell notes as collateral security, acquired no estate in the land mortgaged, but only an equitable right in the security. *Kennett v. Plummer,* 28 Mo. 142 ; *Potter v. McDowell,* 43 Mo. 97 ; *Woods v. Hildebrand,* 46 Mo. 284 ; *Peas v. Iron Co.,* 49 Mo. 124.   He took only the interest in the security Bray had.   *Linville v. Savage,* 58 Mo. 428 ; *Potter v. McDowell, supra.*

IV.   A party who takes a quit-claim deed with a full knowledge of all the facts, as Campbell did in this case, is not an innocent purchaser.   *Austin v. Loring,* 63 Mo. 19 ; *Stoffle v. Schroeder,* 62 Mo. 147.

E. O. BROWN and C. W. THRASHER, for the respondents.

I.   On the record in this case the court below committed no error, and the judgment should be affirmed. (1)   J. T. Morton and C. B. Holland, as shown by the record, were *bona-fide* purchasers for value of the notes secured by the deed of trust from the Campbells to J. C. Cravens, trustee, under which defendant claims, without notice of the mortgage sued on, and the defendant, George C. Campbell, taking title from said C. B. Holland, takes also as a *bona-fide* purchaser, and is protected from the mortgage sued on, whether he had knowledge of such mortgage or not at the time he took said title.   Story's Eq. Jur. [4 Ed.] secs. 409, 1503a ; 1 Jones on Mort., secs. 560, 834 ; 1 Daniel on Neg. Inst. [3 Ed.] sec. 824 ; *Halsa v. Halsa,* 8 Mo. 308 ; *Lemay v. Poupenez,* 35 Mo. 71 ; *Funkhauser v. Lay,* 78 Mo. 458 ; *Craig v. Zimmerman,* 87 Mo. 475 ; *Anderson v. McPike,* 86 Mo. 293 ; *Bumpus v. Platner,* 1 Johns. Ch. 213.   An assignee of a note will be subrogated to all the rights and equities of his assignor.   *McGuire v. Peay,* 58 Mo. 56 ; *Logan v. Smith,* 62 Mo. 455 ; *Crow v. Andrews,* 24 Mo. App. 159.   (2)   The quit-claim deed

from C. B. Holland to the defendant, Campbell, was sufficient and effective to transfer to said defendant, Campbell, all the rights of said Holland in the premises conveyed. *Wilson v. Albert*, 89 Mo. 537.

II. The court below committed no error in refusing the declarations asked by appellant.

ELLISON, J.—This action was brought to foreclose a mortgage executed by Nathan Bray in his lifetime, in conjunction with the plaintiff, who was then his wife, to secure a note of two thousand dollars, given to one Abner Corey. Plaintiff, in a way not shown by the evidence, becomes the holder of this note and brings this action. The court gave judgment for defendants, and she appeals. On Bray's death, Julian was appointed his administrator. The mortgage in suit was not recorded for some time after its execution. After giving this mortgage Bray sold the land included therein to James R. Campbell and defendant, George C. Campbell, and took from them notes and a deed of trust to secure $17,500 of the purchase money. These notes were assigned by Bray to Joseph T. Morton, who had no notice of the mortgage in suit, as collateral security for four thousand dollars. Afterwards, Morton assigned his debt against Bray to C. B. Holland, together with the collaterals as security. The Bray debt, thus assigned by Morton to Holland, became due, as well as the collateral security, and Holland foreclosed the deed of trust, securing the collateral, and bought in the land at the trustee sale. He then conveyed the land by quit-claim deed to defendant, George C. Campbell, one of the purchasers from Bray, and who gave to Bray, in connection with James R. Campbell, the collateral notes and deed of trust securing them. It is claimed that Holland and Campbell both knew of plaintiff's mortgage, and we shall so consider it.

The question is, does Campbell take the title freed from the mortgage securing the notes now held by plaintiff? The question must be answered in the affirmative.

It is agreed that Morton held the notes as collateral security for his debt against Bray, without notice of plaintiff's mortgage; this gave him the right to sell the property on which these notes were secured. Morton assigned the debt and the security (the collaterals) to Holland, who, of course, took a good title, as he purchased of an innocent holder. Holland, occupying Morton's shoes, had a right to sell, and the fact that he became the purchaser does not alter the case. For if he held the security freed from plaintiff's mortgage, he would hold the title purchased under the security in the same way. So holding, he had a right to sell to Campbell or any one else, whether they had notice of the prior deed of trust or not. The matter comes under the rule stated by Chancellor Kent, approved in *Funkhouser v. Lay* (78 Mo. 458), viz. : "To prevent a stagnation of property, and because the first purchaser, being entitled to hold and enjoy, must be equally entitled to sell." The question was again decided in *Craig v. Zimmerman* (87 Mo. 475). This court said, in *Crow v. Andrews* (24 Mo. App. 159), that, "were this not the law, an innocent holder might find an embargo on his property ; that is, he would be restricted in his sales to those who knew nothing of the source of his title."

The judgment, with the concurrence of the other judges, is affirmed.